IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 23-cv-03428-CNS-KAS

DAVID E. HILL,

    Plaintiff,

v.

CHRIS BINA,
T. RODRIGUEZ,
JAIME AUTEN,
WILLIAM RESTO,
KIESHA RESTO,
SEANA MALTEZO, and
D. OBA,

    Defendants.

## ORDER

Plaintiff David E. Hill objects to United States Magistrate Judge Kathryn A. Starnella's Recommendation to grant Defendants' motion for summary judgment, ECF No. 22, and further to deny Plaintiff's motion to supplement pleading, ECF No. 42. *See* ECF No. 57 (Recommendation); ECF No. 62 (objection). The Court has reviewed Plaintiff's objections and finds that they lack merit. Accordingly, the Court overrules Plaintiff's objection and affirms Magistrate Judge Starnella's Recommendation as an order of this Court.

## I.    SUMMARY FOR *PRO SE* PLAINTIFF

Magistrate Judge Starnella determined that the undisputed facts show that you did not exhaust your administrative remedies before filing this lawsuit—a finding that you do not dispute. Rather, you fault her decision to reject your argument that the BOP obstructed your ability to exhaust. The Court concurs with Magistrate Judge Starnella's findings. The undisputed evidence does not show that the BOP obstructed your ability to exhaust—it merely shows that the Regional Director did not respond to your appeal by the June 6, 2023 deadline. You thus could have treated the failure to respond as a denial and continued your appeal process. Without any additional evidence or argument that the BOP obstructed your appeal rights, the Court accepts and concurs with Magistrate Judge Starnella's findings.

You then disagree with Magistrate Judge Starnella's determination that exhausting your administrative remedies after filing suit is insufficient to save you from summary judgment for your initial failure to exhaust. But under Tenth Circuit precedent, an inmate's failure to exhaust cannot be cured by completing exhaustion after filing suit. *See Snyder v. Harris*, 406 F. App'x 313, 317 (10th Cir. 2011) ("An inmate is not permitted to complete the administrative exhaustion process *after* he files suit."). In the absence of United States Supreme Court or superseding Tenth Circuit precedent, which you have not provided, this Court must follow *Snyder* and other decisions holding the same.

Finally, you object to Magistrate Judge Starnella's determination that your motion for leave to amend should be denied as futile. The Court overrules this objection as well. It is well-established that a Court may deny a litigant's request to amend if the amendment

2

would be futile—for example, when the amended complaint would be subject to dismissal. Here, there is no way to correct your initial failure to exhaust. When you filed your complaint on December 26, 2023, you had not exhausted your administrative remedies, and no amendment will correct that deficiency. The Court therefore finds that any amended complaint would be subject to dismissal, making the amended complaint futile.

In sum, after considering the arguments raised in your objection and performing a de novo review of the issues you address in your objection, the Court is overruling your objections and affirming Magistrate Judge Starnella's Recommendation. The Court will explain why it is doing so further below, including a discussion of the legal authority that supports this conclusion. This order means that your claims are dismissed without prejudice, which means that you may refile your claims, if you can satisfy the procedural and jurisdictional requirements. *See Crowe v. Servin*, 723 F. App'x 595, 598 (10th Cir. 2018) ("A dismissal without prejudice just means that the plaintiff isn't barred from refiling the lawsuit within the applicable limitations period." (citations and quotations omitted)).

## II.   BACKGROUND

Plaintiff is a federal inmate housed at the Administrative Maximum Facility (ADX) in Florence, Colorado. ECF No. 22 at 2. He was diagnosed with chronic kidney disease in June 2017.[1] ECF No. 29 at 3–4. On December 26, 2023, he filed his initial Prisoner Complaint, and three days later, he filed his Amended Prisoner Complaint. ECF Nos. 1, 5.

---

[1] It appears that Plaintiff has been incarcerated since 2002. ECF No. 24-6 at 3.

3

Plaintiff asserts two Eighth Amendment claims. ECF No. 5 at 8. He alleges that Defendants Bina, Rodriguez, and Auten were deliberately indifferent to his serious medical needs by denying his request for Farxiga medication to treat his chronic kidney disease, in violation of the Eighth Amendment. *Id.* He then alleges that Defendants W. Resto, K. Resto, Maltezo, and Oba were deliberately indifferent to his serious medical needs by delaying a prescription of empagliflozin, another drug used to treat chronic kidney disease, also in violation of the Eighth Amendment. *Id.*

The Bureau of Prisons (BOP) has a four-tiered Administrative Remedy Program for inmate grievances. *See* 28 C.F.R. § 542.10 *et seq.,* ECF No. 22-1 (Decl. of Jarad Herbig), ¶ 10.[2] The first step is informal resolution with prison staff; this step is not tracked through BOP's national database, SENTRY. *Id.* The second step is filing a formal Request for Administrative Remedy (also known as a BP-9) at the inmate's institution. *Id.* The third step occurs if the inmate is not satisfied with the response to his BP-9. *Id.* The regulation provides that, within 20 calendar days of the date the warden signs the BP-9 response, the inmate may then appeal the complaint to the Regional Director, by filing a Regional Office Administrative Remedy Appeal (also known as a BP-10). *Id.* (citing 28 C.F.R. § 542.15(a)). Finally, the fourth step occurs if an inmate is not satisfied with the Regional Director's response, in which case he may appeal to the Director of National Inmate Appeals by filing a Central Office Administrative Remedy Appeal (also known as a BP-11). *Id.* All but the first step is tracked in SENTRY. *Id.* A remedy request or appeal may

---

[2] Mr. Herbig is employed by the BOP as a Paralegal Specialist for the North Central Regional Office. ECF No. 22-1, ¶ 1.

be rejected at any level. *Id.* To properly exhaust administrative remedies, inmates must properly and timely seek review at all four levels. *Id.*, ¶ 12 (citing 28 C.F.R. § 542.15(b)(2)).

On March 22, 2023, Plaintiff filed with the ADX Warden an administrative remedy request corresponding to the allegations in his operative complaint. *Id.*, ¶ 17. The warden denied Plaintiff's administrative remedy request on March 27, 2023. *Id.*, ¶ 18. On April 7, 2023, Plaintiff appealed the warden's denial to the Regional Office through the filing of a BP-10. *Id.*, ¶ 19. The Regional Office notified Plaintiff that it needed a 30-day extension of time to respond, making its response due on June 6, 2023. *Id.*, ¶¶ 20–21. Despite the extension request, the Regional Office did not respond by June 6, 2023. *Id.*, ¶ 22.

"If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 CFR § 542.18. However, Plaintiff did not appeal to the Central Office—step four in process—prior to filing his complaint on December 26, 2023. ECF No. 22-1, ¶ 23.

The Regional Office responded to Plaintiff's administrative remedy request on January 26, 2024—a month after Plaintiff filed his complaint. *Id.*, ¶ 24. Plaintiff appealed to the Central Office on February 20, 2024. *Id.*, ¶ 25. The Central Office responded to his appeal on March 22, 2024. *Id.*, ¶ 26.

### III.   RECOMMENDATION

Defendants moved for summary judgment on April 15, 2024. ECF No. 22. Plaintiff, in the meantime, moved to supplement his complaint pursuant to Federal Rule of Civil

5

Procedure 15(d).³ ECF No. 42. The Court referred both motions to Magistrate Judge Starnella for initial determination. ECF Nos. 25, 44.

Magistrate Judge Starnella considered Defendants' motion for summary judgment before turning to Plaintiff's request to supplement his complaint. She first determined that the undisputed facts show that Plaintiff did not exhaust his administrative remedies before filing suit. ECF No. 57 at 10–14. She also determined that the undisputed facts do not show any obstruction of Plaintiff's ability to exhaust his administrative remedies. *Id.* at 13. Thus, Magistrate Judge Starnella found that Plaintiff failed to exhaust his administrative remedies and recommended granting summary judgment in Defendants' favor. *Id.* at 14.

Magistrate Judge Starnella then determined that Plaintiff's proposed supplemental pleading would be futile because the supplemental pleading cannot alter the fact that he filed suit before exhausting his administrative remedies. *Id.* at 15. She therefore recommended denying his supplementation request on futility grounds. And, in light of these recommendations, she recommended dismissing Plaintiff's claims without prejudice. *Id.* at 16.

### III.   LEGAL STANDARD

When a magistrate judge issues a recommendation on a dispositive matter, the presiding district judge must "determine de novo any part of the magistrate judge's [recommended] disposition that has been properly objected to." Fed. R. Civ. 72(b)(3). An

---

³ Rule 15(d) provides that, "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time." Fed. R. Civ. P. 15(d).

objection to a recommendation is properly made if it is both timely and specific. *United States v. 2121 East 30th St.*, 73 F.3d 1057, 1059–60 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id*. at 1059. In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## IV. ANALYSIS

The Court will address each of Plaintiff's three objections in turn.

### A. Obstruction to Plaintiff's Ability to Exhaust his Administrative Remedies

Plaintiff first argues that Magistrate Judge Starnella erred in rejecting his argument that the BOP obstructed his ability to exhaust. ECF No. 62 at 4–11. Plaintiff argues that his administrative remedies were not available to him because the Regional Director failed to respond to his appeal by the June 6, 2023 deadline. *Id.* at 5–6. This argument is without merit.

Plaintiff could have treated the Regional Director's failure to respond by the deadline as a denial and moved to the fourth and final step by appealing to the Central Office in Washington, D.C. *See* 28 C.F.R. § 542.18 ("If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level."). His objection does little to attack this undisputed fact other than cite caselaw that Magistrate Judge Starnella properly considered and rejected. *See* ECF No. 57 at 11–13.

7

At the summary judgment stage, Plaintiff is responsible for presenting competent evidence to show that the BOP hindered his ability to exhaust his administrative remedies. *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010) ("Where prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy, they render that remedy 'unavailable' and a court will excuse the prisoner's failure to exhaust." (citation omitted)). A failure to respond does not equate to preventing, thwarting, or hindering an inmate's appeal efforts. *See* 28 C.F.R. § 542.18

Upon de novo review, the Court finds that Magistrate Judge Starnella correctly determined that there is no evidence that the BOP obstructed Plaintiff's access to administrative remedies. Plaintiff's first objection is overruled.

### B. Exhaustion After Filing Suit

Plaintiff next argues that his case should proceed because he has now exhausted his administrative remedies post-filing. ECF No. 62 at 8–11. He admits, as he must, that he filed his complaint on December 26, 2023. *Id.* at 11. He then explains that he received the Regional Director's response on January 26, 2024—which he appealed to the Central Office. *Id.* On March 22, 2024, he received the Central Office's denial. He thus argues that this case should not be dismissed because he has now exhausted his administrative remedies. *Id.*

This objection also lacks merits. As Magistrate Judge Starnella aptly explained in her Recommendation, the Prison Litigation Reform Act "makes exhaustion a precondition to *filing* a suit, an action brought before administrative remedies are exhausted must be dismissed without regard to concern for judicial efficiency." *Ruppert v. Aragon*, 448 F.

8

App'x 862, 863 (10th Cir. 2012) (holding that the plaintiff's claim was properly dismissed for failure to exhaust administrative remedies, explaining that "[i]t mattered not . . . that the administrative review process had been completed by the time the case was ripe for decision . . . [w]hat mattered was that the process was incomplete when Ruppert filed suit"). Although one could argue, as Plaintiff does, that it would conserve judicial resources to simply hear the case now that Plaintiff has exhausted his administrative remedies, the Tenth Circuit has rejected such arguments. *Id.* ("[A]n action brought before administrative remedies are exhausted must be dismissed without regard to concern for judicial efficiency."). That is because the four-stepped Administrative Remedy Program for inmate grievances allows prison officials to address complaints prior to being subjected to suit. *See Jones v. Bock*, 549 U.S. 199, 219 (2007) ("We have identified the benefits of exhaustion to include allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record.").

The Court has considered Plaintiff's objection and preformed a de novo review of Magistrate Judge Starnella's findings. The Court finds that Magistrate Judge Starnella correctly determined that Tenth Circuit precedent prevents Plaintiff from curing his exhaustion deficiency after filing suit and thus overrules Plaintiff's second objection.

### C. Futility of Plaintiff's Proposed Supplemental Pleading

Plaintiff argues that he should be permitted to supplement his pleadings because the supplemental complaint would have "superseded the original complaint and cured the

9

. . . exhaustion deficiency on the date it was filed." ECF No. 62 at 11–13. The Court does not agree.

As explained above, exhaustion is required prior to filing suit. *Jones*, 549 U.S. at 211 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). Thus, if the Court permits Plaintiff to amend his pleadings, that amendment would be subject to dismissal—making such amendment futile. *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1018 (10th Cir. 2013) ("While Rule 15 provides that leave to amend a complaint shall be freely given when justice so requires, a district court may refuse to allow amendment if it would be futile."); *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." (citation omitted)).

As he did previously, Plaintiff cites out-of-circuit cases that he contends holds to the contrary. *See* ECF No. 62 at 12–13. Magistrate Judge Starnella correctly rejected those cases, explaining that the Court cannot disregard Tenth Circuit precedent to the contrary. ECF No. 57 at 15.

Accordingly, the Court overrules Plaintiff's final objection.

\* \* \*

To summarize, Plaintiff admits that he did not exhaust his administrative remedies prior to filing his lawsuit. Although he contends that the BOP obstructed his ability to

10

exhaust, there is no evidence to support that argument. In considering his objections, the Court observes that Plaintiff essentially reargues the arguments he made before Magistrate Judge Starnella, and his objections merely disagree with Magistrate Judge Starnella's findings and recommendations. Having reviewed de novo each issue he raises in his objection, the Court overrules those objections. The result is that his claims are subject to dismissal without prejudice. *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009) ("Ordinarily, a dismissal based on a failure to exhaust administrative remedies should be *without* prejudice." (citation omitted)).

## V. CONCLUSION

Consistent with the above analysis, the Court overrules Plaintiff's objections, ECF No. 62, and affirms and adpots Magistrate Judge Starnella's Recommendation, ECF No. 57, as an order of this Court. Accordingly, the Court makes the following rulings:

(1) Plaintiff's Motion to Supplement Pleading, ECF No. 42, is DENIED as futile;

(2) Defendants' Motion for Summary Judgment for Failure to Exhaust, ECF No. 22, is GRANTED; and

(3) Plaintiff's claims are dismissed without prejudice.

DATED this 6th day of January 2025.

BY THE COURT:

Charlotte N. Sweeney
United States District Judge