IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:23-cv-03428-CNS-TPO

DAVID E. HILL,

Plaintiff,

v.

CHRIS BINA, Medical Director of the Federal Bureau of Prisons (BOP),
T. RODRIGUEZ, Chief Pharmacists of the BOP,
JAIME AUTEN, Central Office Pharmacist of BOP,
WILLIAM RESTO, Inst. Clinical Director of the BOP,
KIESHA RESTO, Institutional Chief Pharmacist,
SEANA MALTEZO, Institutional Doctor, and
D. OBA, Institutional Doctor,

Defendants.

---

ORDER

---

Before the Court are three related motions: Plaintiff's Motion for Leave to File a Supplemental Pleading Raising Properly Exhausted Claims and New Defendants, ECF No. 78; Motion for Relief from Judgment, ECF No. 79; and Motion for Leave to File a Supplemental Pleading that Relate Back to the Date of the Original Complaint, ECF No. 92. For the following reasons, the Court DENIES Mr. Hill's motions.

## I. SUMMARY FOR PRO SE PLAINTIFF

The Court entered a final judgment in this case on January 6, 2025. ECF No. 65. You previously filed a motion to alter or amend that judgment, ECF No. 66, which this

Court denied, ECF No. 68. You also filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b), ECF No. 72, which this Court also denied, ECF No. 77. You then filed two motions for leave to file a supplemental pleading and a second motion for relief from judgment under Rule 60(b). You argue that you are entitled to relief from the Court's order dismissing your claims for failure to exhaust. For the reasons explained in further detail below, your request for relief from judgment is denied because there is not excusable neglect under Rule 60(b)(1) and there are no extraordinary circumstances justifying relief under Rule 60(b)(6). Because you are not entitled to relief under Rule 60(b), you are also not given leave to file supplemental pleading(s).

## II. BACKGROUND

The Court previously discussed this case's factual and procedural background and presumes the parties' familiarity with the same. *See generally* ECF No. 64 at 3–5. In short, Plaintiff, who is incarcerated at United States Penitentiary Florence ADMAX, filed this suit against various prison and Bureau of Prisons (BOP) employees asserting § 1983 claims under the Eighth Amendment due to Defendants' alleged deliberate indifference to Plaintiff's serious medical needs. *Id*. at 4 (citing ECF No. 5 at 8). On January 6, 2025, the Court granted Defendants' motion for summary judgment, finding that Plaintiff failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act (PLRA), before filing suit. *Id.* at 10–11. On January 27, 2025, Plaintiff filed a Motion to Alter or Amend Judgment, ECF No. 66, and a Motion for Relief from Judgment, ECF No. 72, both of which the Court subsequently denied, ECF No. 68 at 4–5; ECF No. 77. Plaintiff then filed the instant motions. In his first motion, Plaintiff seeks leave to file a

supplemental pleading under Fed. R. Civ. P. 15(d). ECF No. 78. Defendants filed a response, ECF No. 87, and Plaintiff filed a reply, ECF No. 91. In his second motion, Plaintiff seeks relief from judgment under Fed. R. Civ. P. 60(b)(6). ECF No. 79. Defendants filed a response. ECF No. 90. In his third motion, Plaintiff seeks leave to file a supplemental pleading that relates back to the original complaint. ECF No. 92. Defendants have filed a response. ECF No. 93. The motions are now ripe for review.

## III. ANALYSIS

"[A] party seeking to reopen his case and replead must first satisfy Rule 60(b) on its own terms and obtain Rule 60(b) relief before Rule 15(a)'s liberal amendment standard can apply." *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 210, (2025); *see Swietlicki v. Lessar*, No. 22-CV-02334-MEH, 2024 WL 6904259, at *2 (D. Colo. Oct. 31, 2024) ("The standard of review for permitting supplementation under Rule 15(d) is the same as that under Rule 15(a)"). That is exactly what Plaintiff purports to do. As such, the Court will first consider whether Plaintiff is entitled to relief under Rule 60(b), such that an amendment under Rule 15 would be appropriate.

Plaintiff argues that the Court should alter the final judgment for seven reasons: (1) he was unable to exhaust his remedies because the BOP did not disseminate the official written grievance policy to him and failed to inform him to appeal, which "made the remedy unavailable and unknowable"; (2) he was unable to exhaust his administrative remedies due to his serious mental and physical health issues; (3) the he was unable to exhaust his administrative remedies because the BOP's grievance policy was so opaque and confusing; (4) the Court erred when it denied leave to file a supplemental complaint

that added exhausted tort claims and defendants; (5) BOP officials failed to respond to his grievances by the BOP policy deadline; (6) the Court erred in denying his motion for leave to amend the complaint because the amended complaint created a new action; and (7) the Court erred when it denied Mr. Hill's request for a jury trial to determine whether he had exhausted his remedies following the Supreme Court's ruling in *Perttu v. Richards*, 605 U.S. 460 (2025). ECF No. 79 at 2–5.

Under Rule 60(b)(1), a court may relieve a party of a judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "Courts analyze four factors when determining whether Rule 60(b)(1) provides relief from a judgment on account of excusable neglect: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential effect on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." *Mayfield v. Morris*, No. 17–0891 MV/SMV, 2020 WL 3832962, at *3 (D.N.M. July 8, 2020) (citation modified). "[F]ault in the delay remains a very important factor—perhaps the most important factor—in determining whether neglect is excusable." *Id.* (citation modified).

Here, Plaintiff's first three arguments could have been raised before final judgment and are therefore not cognizable under Rule 60(b)(1). *See Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir. 1996) ("Rule 60(b)(1) is not available to allow a party merely to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument."). Plaintiff's fourth argument fails

because the Court did not deny him leave to file a supplemental complaint based on newly added tort claims, *see* ECF Nos. 57, 64, and Plaintiff's then proposed supplemental complaint did not contain additional tort claims. ECF No. 42-1 at 6. Plaintiff's fifth, sixth, and seventh arguments have already been rejected by the Court in its ruling on Defendants' motion for summary judgment. *See* ECF No. 57, 64. As to Plaintiff's fifth argument, the Court previously held that "[t]he Regional Office's non-response is Plaintiff's only support for his argument that the BOP obstructed his ability to exhaust administrative remedies, but that is not enough." ECF No. 57 at 11; *see* ECF No. 64. The Court has also explained why Plaintiff's sixth argument is unavailing: "Plaintiff's proposed supplemental pleading would be futile because it cannot alter the fact that he filed suit *before* exhausting administrative remedies." ECF No. 57 at 14–15. And Plaintiff's seventh argument (as well as his fifth) was rejected in the Court's denial of his prior Rule 60(b) motion. *See* ECF No. 77 at 4 ("But there is nothing in the instant motion, or in *Perttu*, that supports Plaintiff's position.").

Under Rule 60(b)(6), the Court may alter a final judgment for "any [] reason that justifies relief." Fed. R. Civ. P. 60(b)(6). But such relief is only available in a "limited set of circumstances." *Bartch v. Barch*, 111 F.4th 1043, 1053 (10th Cir. 2024) (quotation omitted). Rule 60(b)(6) relief is appropriate "only in extraordinary circumstances and only when necessary to accomplish justice." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579 (10th Cir. 1996); *see also id.* at 580 ("Relief under Rule 60(b)(6) is appropriate when circumstances are so unusual or compelling that extraordinary relief is warranted, or when it offends justice to deny such relief." (quotations omitted)). But there is nothing "unusual

or compelling" about these facts that shows "extraordinary relief is warranted or that it would offend justice to deny such relief." *Blake v. Bos*, No. 21–3176–SAC, 2022 WL 1288473, at *2 (D. Kan. Apr. 29, 2022) (citation modified); *see also Sundance Servs., Inc. v. Roach*, No. CV 10– 110 JP/CEG, 2010 WL 11623521, at *4 (D.N.M. May 17, 2010) (defining "extraordinary circumstance" under Rule 60(b)(6) as one where "after entry of judgment, events *not contemplated* by the moving party render enforcement of the judgment inequitable" (citation modified)); *Cheavens v. Pub. Serv. Corp. of Colorado*, No. 14–cv–3374-WJM– KMT, 2016 WL 8469747, at *4 (D. Colo. Oct. 4, 2016) (observing that plaintiff was not entitled to Rule 60(b)(6) relief where he chose not to "bring a motion for leave to amend [or] remedy his pleadings prior to judgment" because these were "tactical decision[s] freely made" by plaintiff, and "Rule 60(b)(6) is not intended to be used to relieve parties from their deliberate choices").

Accordingly, the Plaintiff's Motion for Relief from Judgment, ECF No. 79, is denied. Because Plaintiff has not obtained relief under Rule 60(b), the Court also denies Plaintiff's Motion for Leave to File a Supplemental Pleading, ECF No. 78, and his Motion for Leave to File a Supplemental Pleading that Relate Back to the Date of the Original Complaint,[1] ECF No. 92.

## IV. CONCLUSION

[1] The Motion asks the Court to accept a proposed supplement pleading which was purportedly filed on December 26, 2025. ECF No. 92 at 1. There were no filings on that date. Liberally construed, however, Plaintiff requests that the Court accept his proposed supplemental pleading, ECF No. 78-1, which adds tort claims for medical malpractice. ECF No. 92 at 2. For the reasons stated above, the Court denies Plaintiff's request for leave to file the proposed supplemental pleading.

Consistent with the above analysis, Plaintiff David E. Hill's Motion for Leave to File a Supplemental Pleading Raising Properly Exhausted Claims and New Defendants, ECF No. 78, Motion for Relief from Judgment, ECF No. 79, and Motion for Leave to File a Supplemental Pleading that Relate Back to the Date of the Original Complaint, ECF No. 92, are DENIED.

DATED this 28th day of September 2026.

BY THE COURT:

________________________________________
Charlotte N. Sweeney
United States District Judge